IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ASHLEY REEVES, *as Personal Representative of the Estate of Carl Albert Reeves*, | ) ) ) ) No. 2:12-cv-02765-DCN |
| Plaintiff, | ) ) ) |
| vs. | ) ) **ORDER** |
| TOWN OF COTTAGEVILLE, *et al.*, | ) ) |
| Defendants. | ) ) ) |

This matter is before the court on a motion to stay the proceedings brought by defendant Randall Price. For the reasons stated below, the court denies Price's motion.

## I. BACKGROUND

On August 28, 2012, plaintiff Ashley Reeves (Reeves) filed this action in the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit. In her capacity as personal representative of the estate of Carl Albert Reeves (Bert), Reeves brings her claims against the Town of Cottageville, the Town of Cottageville Police Department, and Cottageville police officer Randall Price (Price).

Reeves's complaint alleges that Price unlawfully shot and killed Bert in retaliation for Bert's complaints about Price's aggressive policing tactics. Compl. ¶¶ 12-15. The complaint brings a variety of claims – including negligence, civil rights violations, supervisory liability, and wrongful death claims – against defendants.

On September 24, 2012, defendants removed the action to this court, alleging federal question jurisdiction based on Reeves's claims that the defendants violated Bert's civil rights. Notice of Removal ¶ 3. On October 24, 2012, Price, with the consent of the

1

other defendants, moved to stay all activity in this case for no less than 90 days because a "parallel criminal investigation into the May 16, 2011 shooting incident involving [Bert] and Mr. Price by federal authorities remains open and active." Def.'s Mot. to Stay 1, ECF No. 7. At a motions hearing held on December 5, 2012, the court granted in part Price's motion. The court ordered that "[f]or a period of 90 days from [December 21, 2012], Defendant Price will not be subject to any discovery activity in the instant matter." Order, December 21, 2012, ECF No. 22.

On March 18, 2013, Price filed the instant motion to stay "all discovery activity related to him" for an additional 90 days. Def.'s Mot. to Stay 6, ECF No. 26. The matter has been fully briefed, and is ripe for the court's review.

## II.  STANDARDS

Federal district courts have "authority to stay civil proceedings pending the resolution of criminal investigations." Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Mgmt., Inc., 411 F. Supp. 2d 641, 643 (D.S.C. 2005). Such stays should not be indefinite. United States v. Any & All Assets of That Certain Bus. Known as Shane Co., 147 F.R.D. 99, 101 (M.D.N.C. 1992). Furthermore, stays generally are not granted before an indictment has issued. Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 531 n.3 (S.D.W. Va. 2005) (citing Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); State Farm Mut. Auto. Ins. Co. v. Beckham-Easley, No. 01-cv-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) (quoting Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 527 (D.N.J. 1998)); In re Par Pharm., Inc. Sec. Litig., 133 F.R.D. 12, 13 (S.D.N.Y. 1990).

### III.  DISCUSSION

Price requests a second 90-day stay because federal authorities continue to investigate the shooting incident that is the subject of this civil case.  Price believes that his Fifth Amendment right against self-incrimination will be compromised if the civil case against him moves forward.  Reeves counters that a stay is inappropriate because Price has not been indicted.  She further argues that a stay is unnecessary and unhelpful because Price will face Fifth Amendment concerns in this case regardless of the status of the pending criminal investigation.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "Because of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings."  Ashworth, 229 F.R.D. at 530.  Although the Fourth Circuit has not adopted an explicit set of factors to consider when determining whether to implement a stay, at least one court within the circuit has applied a five-factor test adopted by a variety of courts across the country.  In Ashworth, the court applied the following factors when determining whether to grant a motion to stay:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

3

> (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 530.  While a party need not be formally indicted to exercise the privilege against self-incrimination, the likelihood of a potential forthcoming indictment may affect the court's decision on whether to grant the stay or on the duration of the stay.  See id. at 531; Harbour Town, 411 F. Supp. 2d at 643; Shane Co., 147 F.R.D. at 101.

To determine whether Price's motion should be granted, the court considers each of the Ashworth factors in turn.

1. **Relatedness of the matters.**  As a preliminary matter, a stay of civil proceedings may only be appropriate when the pending civil and criminal proceedings involve substantially similar issues.  Ashworth, 229 F.R.D. at 531.  Reeves and Price do not dispute that the ongoing criminal investigation into the shooting incident directly relates to this civil case.

2. **Potential prejudice to Reeves.**  Reeves is undoubtedly prejudiced by the potentially indefinite postponement of these civil proceedings.  Civil plaintiffs who claim to be the victims of criminal activity do not deserve slower justice than other plaintiffs.  Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001).  The prejudice to a civil plaintiff seems particularly unjust where, as here, "[t]here is no telling how complicated the government's investigation may be, . . . what priority the government assigns to the investigation, whether it will result in charges that will have to be litigated, or how time-consuming the resulting criminal case will be."  Id. at 577.  This factor favors denial of the motion to stay.

3. **The burden on Price.**  Pre-indictment requests for a stay are generally denied, though courts have seen fit to issue a stay where the government has executed

4

search warrants, issued subpoenas, and notified civil defendants that they are targets of criminal investigations.  Walsh Sec., 7 F. Supp. 2d at 527.  There is no evidence before the court that the authorities have issued either a subpoena or a target letter to Price, or that they have executed a search warrant on Price's property.  Indeed, Price's counsel "is aware of no investigative activity having been undertaken by federal authorities" since the court issued its December 21, 2012 order staying this case.  Def.'s Mot. to Stay 2, ECF No. 26.  The dangers Price faces with regards to his Fifth Amendment rights are somewhat remote because he has not been indicted, and indictment does not seem imminent.  See Sterling Nat'l Bank, 175 F. Supp. 2d at 577.  This factor weighs against granting a stay.

    4.    **Convenience of the court.**  The court certainly has an interest in managing its case load efficiently, just as the parties have an interest in having this case litigated in an efficient manner.  If Fifth Amendment concerns arise during the course of discovery in this civil case, the court will be able to handle those concerns when they present themselves.  See Order at 1, Maryland v. Henson, No. CCB-10-3183 (D. Md. July 7, 2011), ECF No. 43.  This factor also weighs against granting a stay.

    5.    **Interest of non-parties.**  The court finds that this factor does not significantly affect the evaluation of the present motion.

    6.    **The public interest.**  The court also finds that this factor does not significantly affect the evaluation of the present motion.

    7.    **Likelihood of a forthcoming indictment.**  Finally, neither the parties nor the court are able to predict if or when Price is likely to be indicted for the conduct at issue in this civil case.  The state solicitor referred this case to the United States

Attorney's Office for the District of South Carolina in June 2011. As recently as March 12, 2013, an agent with the State Law Enforcement Division stated that the case is still under review by federal authorities. However, neither party is aware of any investigative activity having occurred within the last four months.

Price's concerns about this civil case's implications for his Fifth Amendment rights, while important, are also conjectural. The court will address any such concerns if and when they actually arise.

## IV.   CONCLUSION

For the foregoing reasons, the court hereby **DENIES** Price's motion to stay, ECF No. 26.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 12, 2013**
**Charleston, South Carolina**