IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ASHLEY REEVES, *as Personal Representative of the Estate of Carl Albert Reeves*, | ) ) ) ) | No. 2:12-cv-02765-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| TOWN OF COTTAGEVILLE, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

  This matter is before the court on a motion to quash a Rule 30(b)(6) deposition. This motion is brought by a non-party, the South Carolina Municipal Insurance & Risk Financing Fund ("SCMIRF"), that is the subject of the deposition notice. For the reasons stated below, the court grants the motion to quash.

## I.   BACKGROUND

  Because the parties are quite familiar with the facts of this case and its procedural history, the court dispenses with a recitation of both.

  On December 17, 2013, Reeves issued an amended notice of deposition to SCMIRF, setting a Rule 30(b)(6) deposition of SCMIRF's corporate representative on January 10, 2014. On December 31, 2013, SCMIRF filed the instant motion to quash the deposition. Reeves opposed the motion to quash on January 9, 2014. This matter has been fully briefed and is ripe for the court's review.

## II.   STANDARDS

  Federal Rule of Civil Procedure 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

1

defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Rule 30 gives parties broad leave to depose "any person" who may have relevant information in a case. Fed. R. Civ. P. 30. When a party subpoenas a nonparty's attendance at a deposition, the nonparty may move to quash the subpoena under Rule 45, which requires that a district court

> must quash or modify a subpoena that:
>
> **(i)** fails to allow a reasonable time to comply;
>
> **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> **(iv)** subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

### III.   DISCUSSION

As an initial matter, this matter has been presented to the court in an unusual posture. Typically, when a nonparty objects to notice of deposition, he or she simply notifies counsel that he or she will not attend the deposition. The issuing party then may subpoena the nonparty's attendance and the non-party may move to quash that subpoena under Rule 45(d).

In the instant case, SCMIRF apparently skipped the step of notifying Reeves that it would not attend the deposition. Reeves, as a result, did not subpoena SCMIRF's appearance. The upshot is that the situation presented to the court is not expressly

governed by either Rule 45(d) or by Rule 30. Nevertheless, in order keep the wheels of justice turning efficiently, the court decides the instant motion by keeping in mind the purposes and requirements of both rules.

Reeves contends that she must depose SCMIRF's corporate representative in order to resolve the parties' disagreement regarding the maximum amount of insurance coverage available in this case. Pl.'s Opp'n to Mot. to Quash 2. Reeves, however, seeks a much broader range of information. The notice issued states that the deposition will address the following topics:

a. The issuance of insurance policies to municipalities in the State of South Carolina and in particular the Town of Cottageville;

b. All aspects of the underwriting process as it relates to the issuance of insurance policies for municipalities and in particular the Town of Cottageville's policy – P-SCMIRF-1124-2011.

c. The insurance policies and coverage (whether self-insurance, excess insurance, primary insurance, and secondary insurance) available to satisfy all or part of any claims brought against the Town of Cottageville for the shooting death of Bert Reeves as alleged in the Complaint – Reeves v. Town of Cottageville, et al, 2012-cv-02765.

d. The financial coverage available or remaining on the Town of Cottageville's policy – P-SCMIRF-1124-2011 (or any policy of insurance related to this claim) to the extent that any of the insurance policies are wasting policies (insurance coverage that is depleted by attorney's fees), or otherwise have been reduced by the payment of claims, or for any other reason.

SCMIRF's Mot. to Quash Ex. A. Topics (a) and (b) exceed the scope of the information that Reeves repeatedly claims she seeks. See Pl.'s Opp'n 2, 5-6. Moreover, that information is probably not discoverable, as it is not reasonably calculated to lead to the discovery of admissible evidence. In short, it would be unduly burdensome for SCMIRF, a nonparty, to present a 30(b)(6) deponent on these topics. Topics (c) and (d), on the other hand, relate to precisely the information that Reeves seeks. However, SCMIRF's

3

motion to quash indicates that it has already provided this information to Reeves. SCMIRF's Mot. 2 ("Counsel for SCMIRF has already provided a copy of SCMIRF's coverage contract with the Town of Cottageville and has provided the amount of coverage remaining."). Relying on the representations of SCMIRF's counsel, the court finds that Reeves already has the information she sought through topics (c) and (d).[1] There appears to be no reason for SCMIRF to be deposed on those topics.

## IV.   CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** SCMIRF's motion to quash, ECF No. 67.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 16, 2014**
**Charleston, South Carolina**

---

[1] Reeves should immediately notify the court if SCMIRF has <u>not</u> provided her with a copy of the Town of Cottageville's insurance policy, the maximum amount of coverage available under the policy, and the amount of coverage still available.

4