IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ASHLEY REEVES, *as Personal Representative of the Estate of Carl Albert Reeves*, | ) ) ) ) No. 2:12-cv-02765-DCN |
| Plaintiff, | ) ) ) |
| vs. | ) ) **ORDER** |
| TOWN OF COTTAGEVILLE, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

This matter is before the court on a motion in limine filed jointly by defendants.[1] For the reasons stated below, the court denies the motion in part and holds the remainder of the motion in abeyance.

## I.   BACKGROUND

On August 28, 2012, plaintiff Ashley Reeves ("Reeves") filed this action in the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit.  In her capacity as personal representative of the estate of Carl Albert Reeves ("Bert"), Reeves brings her claims against the Town of Cottageville ("Cottageville" or "the town"), the Town of Cottageville Police Department ("the police department" or "the CPD"), and Cottageville police officer Randall Price ("Price").  Reeves's complaint alleges that Price unlawfully shot and killed Bert in retaliation for Bert's complaints about Price's aggressive policing tactics.  Compl. ¶¶ 12-15.  The complaint brings a variety of claims – including negligence, civil rights violation, supervisory liability, and wrongful death

---

[1] This motion is captioned "Defendants' Joint Motion in Limine to Exclude Alleged Evidence of Defendant Price's Prior Misconduct as a Law Enforcement Officer which the Plaintiff Intends to Improperly Offer to Prove that Defendant Price Acted in Conformity with his Prior Misconduct."

1

claims – against defendants. On September 24, 2012, defendants removed the action to this court, alleging federal question jurisdiction based on Reeves's claims that the defendants violated Bert's civil rights. Notice of Removal ¶ 3.

Trial was set to begin on August 11, 2014, but has since been rescheduled for October 1, 2014. On July 30, 2014, defendants filed the instant motion in limine. Reeves has not responded to the motion and her deadline to respond has passed. The matter is now ripe for the court's review.

## II.  STANDARDS

Under Rule 402 of the Federal Rules of Evidence, relevant evidence is generally admissible at trial. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 404(b) of the Federal Rules of Evidence governs the admissibility of evidence relating to a person's prior bad acts. While evidence that a person has previously committed a crime or other bad act "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2).

## III.  DISCUSSION

Defendants ask the court to exclude "any and all alleged evidence of purported prior misconduct by Price before Cottageville and the CPD hired him in May 2008," including records maintained by the South Carolina Criminal Justice Academy and

plaintiff's experts' reports based on those records. Defs.' Mot. 12, 21. Defendants argue that such evidence is improper evidence of Price's character that must be excluded pursuant to Rule 404(b)(1).

The court will determine at trial whether this evidence – which, among other things, documents Price's departures from six law enforcement agencies in seven years – is admissible against Price pursuant to Rule 404(b) and the other evidentiary rules. The evidence is, however, obviously admissible with respect to Reeves' claim that Cottageville and the police department negligently hired, retained, and supervised Price, as well as her claim for municipal liability pursuant to 42 U.S.C. § 1983. Evidence of Price's performance at other law enforcement agencies certainly bears on the issue of whether Cottageville and the CPD properly evaluated his credentials before hiring him. Indeed, defendants' instant motion does not appear to argue that this evidence is anything other than relevant and admissible against Cottageville and the CPD.

### IV.   CONCLUSION

For the foregoing reasons, the court **DENIES IN PART** defendants' motion in limine, ECF No. 113, and **HOLDS** the remainder of the motion **IN ABEYANCE**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 29, 2014**
**Charleston, South Carolina**