IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ashley Reeves as Personal Representative of the Estate of Albert Carl "Bert" Reeves, | ) ) ) ) | Case No. 2:12-cv-02765-DCN |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEYS FEES, COSTS,** |
| The Town of Cottageville, and Randall Price, individually, | ) ) ) | **AND OTHER EQUITABLE RELIEF** |
| Defendants. | ) ) ) | |

As the prevailing party, Plaintiff Ashley Reeves Lowe, now moves the Court to award reasonable attorney fees and costs pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure. Additionally, Plaintiff requests an award of post-judgment interest at the statutory rate, and for such other and further relief as this Honorable Court deems just and proper.

**PROCEDURAL BACKGROUND**

After over two years of litigation and following a two week-long trial before this Court, on October 15, 2014 an eleven member jury rendered a verdict in favor of the Plaintiff and in doing so found Defendant Randall Price violated Bert Reeves' constitutional rights, including his right to be free from excessive force and right to due process under the law. Additionally, the jury found that Defendant Town of Cottageville was deliberately indifferent to the constitutional rights of its citizens in the hiring, supervision, retention, and training of Defendant Randall Price and that such deliberate indifference caused Bert Reeves' death. The jury was charged to determine what, if any,

actual and/or compensatory damages the Plaintiff proved by a preponderance of the evidence that she was entitled to recover from Defendant Randall Price and/or Defendant Town of Cottageville. The jury returned a verdict in the amount of $7,500,000.00 in actual and/or compensatory damages. In addition, the jury awarded punitive damages in the amount of $30,000,000.00 against Defendant Randall Price and $60,000,000.00 against Defendant Town of Cottageville. Plaintiff now files this post-trial motion requesting this Court to award equitable remedies to which Plaintiff is entitled as the prevailing party, as well as attorneys' fees and costs as provided for pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure.

### I.   **PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS FEES AND COSTS**

As the prevailing party, the Plaintiff is entitled to both an award of attorney's fees as well as costs under 42 U.S.C. § 1988. Specifically, the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U.S.C. § 1988, provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 ..., or title VI of the Civil Rights Act of 1964 ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

"Congress enacted Section 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process. Congress attributed this market failure in part to the fact that these victims ordinarily cannot afford to purchase legal services at the rates set by the private market." Lefemine v. Wideman, 758 F.3d 551 (4th Cir. 2014). Therefore, without an attorney's aid most victims of civil rights violations would most likely receive no relief and constitutional deprivations would go unaddressed.

> **a. Plaintiff Prevailed on All of Her Causes of Action; Therefore She is Entitled to an Award of Attorneys' Fees and Costs.**

The determination of what constitutes a reasonable fee award under 42 U.S.C. § 1988 is left to the discretion of the trial judge. The United States Supreme Court has set forth the approach to follow in evaluating fee requests under 42 U.S.C. § 1988. To be entitled to an award of fees, the plaintiff must have prevailed on some significant issue in the litigation. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Texas State Teachers Ass'n v. Garland Independent School Dist.</u>, 489 U.S. 782, 791-92 (1989). Once the fee entitlement threshold has been crossed, the prevailing plaintiff's fee award is based upon the familiar lodestar method: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 433. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." <u>Hensley</u>, 461 U.S. at 435.

Here, there is no dispute the Plaintiff has prevailed in this litigation. The Plaintiff prevailed on each of her causes of action despite vigorous opposition from the Defendants. The eleven member jury returned a verdict in favor of the Plaintiff on all five (5) separate and distinct violations of 42 U.S.C. § 1983 claimed against Defendants Town of Cottageville and Randall Price. Consistent with federal fee-shifting statutes and Supreme Court decisions applying these statutes, the Plaintiff is entitled to recover attorneys' fees and costs for all time reasonably expended on this case, as well as all expenses reasonably incurred.

> **b. The Time Spent by the Plaintiff's Attorneys is Reasonable and Fully Compensable.**
>
>> i.    *Calculation of Fees Under the "Lodestar"*

*Method*

The Supreme Court has stated that "[t]he most useful starting point for [determination of] the amount of reasonable fee [payable to the prevailing party] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 802 (2002) (quoting <u>Hensley</u>, 461 U.S. at 433). Since fee shifting is discretionary, courts have generally employed a hybrid of two methods to formulate a reasonable fee: (1) the "lodestar" method; and (2) the twelve factor analysis first developed in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), which was embraced by the Fourth Circuit in <u>Barber v. Kimbrell's Inc.</u>, 577 F.2d 216, 226 (4th Cir. 1978).

"The 'lodestar' figure represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Buffington v. Baltimore County</u>, 913 F.2d 113, 127 (4th Cir. 1990). Of these two methodologies, the Supreme Court of the United States recently found the "lodestar" method to be superior to analyzing a reasonable fee pursuant to the <u>Johnson</u> factors:

> Although the lodestar method is not perfect, it has several important virtues. First, in accordance with our understanding of the aim of fee-shifting statutes, the lodestar looks to the prevailing market rates in the relevant community. Developed after the practice of hourly billing had become widespread, the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. Second, the lodestar method is readily administrable, and unlike the <u>Johnson</u> approach, the lodestar calculation is objective, and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results.

<u>Perdue</u>, 130 S. Ct. at 1672 (internal citations omitted).

To assist the Court in determining a reasonable rate, Plaintiff provides affidavits from two prominent members of the South Carolina Bar. First, Plaintiff has submitted the affidavit of Joseph F.

Rice who is a co-founding member of Motley Rice LLC, a national law firm based in Mount Pleasant, South Carolina.  Motley Rice LLC also has offices in Providence, Rhode Island; Hartford, Connecticut; New York, New York; Washington, D.C.; and New Orleans, Louisiana. As evidenced in his affidavit, Mr. Rice's experience indicates that constitutional related issues and the liability of municipalities presents complex legal hurdles not easily overcome by a plaintiff.  Based upon his extensive experience in personal injury litigation, he believes Plaintiff's trial counsel had to have utilized considerable legal skill in order to prevail in this action.  (See Exhibit 1: Affidavit of Joseph F. Rice).

Next, Plaintiff has submitted the affidavit of J. Rutledge Young, Jr., who has practiced in the area of complex civil litigation for over 44 years. Prior to joining Duffy & Young LLC in January 2011, Mr. Young practiced law for 41 years with Young Clement Rivers, LLP where he served as the Director of Litigation, regularly tried cases, and served as the 50 lawyer firm's managing partner. (See Exhibit 2: Affidavit of J. Rutledge Young, Jr.).  Based upon these affidavits a reasonable hourly rate for lead counsel in this matter is $400.00 to $600.00 per hour, possibly more.  Additionally, $250.00 to $350.00 per hour is a reasonable fee for associate counsel, and $160 per hour is a reasonable fee for paralegals working on complex cases within this market.

Accordingly, Plaintiff requests this Court to accept these hourly rates as evidence of the market rate for purposes of the lodestar calculation and requests that those hourly rates be applied as follows:

| ATTORNEY / PARALEGAL | HOURS | HOURLY RATE | TOTAL |
|---|---:|---:|---:|
| W. Mullins McLeod, Jr. | 448.8 | $500.00 | $224,400.00 |
| James B. Moore III | 476.1 | $350.00 | $166,635.00 |
| D. Ellis Roberts | 54.6 | $350.00 | $19,110.00 |

| | | | |
|---|---|---|---|
| Jackie L. Edgerton | 65.0 | $350.00 | $22,750.00 |
| Julie Moore Rode | 126.5 | $350.00 | $44,275.00 |
| Brooke A. DiMeo | 208 | $160.00 | $33,280.00 |
| Sarah H. Lundquist | 18.75 | $160.00 | $3,000.00 |
| **TOTAL ATTORNEY FEES** | | | **$513,450.00** |

Plaintiff asks the Court to find the amount of time spent and the above-listed hourly rates both reasonable and necessary to the prosecution.[1] In addition and in light of the exceptional results achieved by Plaintiff's counsel, Plaintiff requests this Court to apply a multiplier to the above-listed fees in order to arrive at an overall reasonable attorney fee in this case. The U.S. Supreme Court has recognized the utility in allowing enhancement of attorney fee awards above and beyond the Lodestar method: "In light of what we have said in prior cases, we reject any contention that a fee determined by the lodestar method may not be enhanced in any situation." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542 (2010). Enhancements or multipliers are appropriate "where the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted." Id. at 544.

In the instant case, Plaintiff's counsel has expended considerable financial resources without any certainty as to when these costs will be recovered. Moreover, Defendants

---

[1] Each attorney exercised billing judgment to delete or reduce various entries. They completely eliminated all time spent on legislative or media related tasks, consulting with experts who ultimately did not submit a report, court appearances where they did not actively participate, and clerical or organizational tasks. They also omitted or deleted extensive time spent communicating with the Plaintiff and relevant family members, reviewing state agency documents and administrative decisions, conferring with other legal experts, and collaborating with legal and support staff in their offices.

unreasonably and intentionally delayed resolution throughout the course of litigation. For example, on March 5, 2014, the Defendants filed a joint motion to extend the deadlines in the 6th Amended Scheduling Order, citing the need for additional time to conduct discovery based on the production of a SLED file provided to the Defendants on December 17, 2013. Incredibly, in this same motion the Defendants moved to extend the deadline to participate in mandatory mediation "in light of the declaratory judgment action" filed by the Plaintiff. (ECF No. 73). On March 31, 2014, the Defendants filed another motion to extend the deadlines in the 7th Amended Scheduling Order, citing the need to depose Mr. Reeves' counselor, Ruth Dombrowski, who had previously been deposed and who was not called as a witness by Defense Counsel at trial. (ECF No. 83). According to Mrs. Dombrowski's records, her last visit with the Mr. Reeves was on April 30, 2008, over three years before he was shot and killed by Police Officer Randall Price. Plaintiff's Counsel opposed both motions to the extent the requested extensions would delay trial. (ECF Nos. 74 & 87). Furthermore, as this Court is fully aware, in a desperate (and ultimately successful) attempt to delay the second date certain trial, the Defendants filed a motion to disqualify Plaintiff's Counsel causing the August 11, 2014 case to be continued. According to this Honorable Court, the Defendants did "not come close" to showing that disqualification was appropriate and their actions deliberately "wasted the parties' time and money, frittered away precious judicial resources, and needlessly delayed trial." (Order Filed August 26, 2014, at 6, ECF Entry No. 129).

Finally, the Defendants' unreasonable position regarding the available insurance coverage has significantly delayed the payment of fees. The Defendants unreasonably maintained there was only $1,000,000.00 in insurance coverage for this case when the Defendants' own insurance policy plainly states that it is a per occurrence policy.[2]

---

[2] In fact, Defendant Randall Price's counsel filed a motion to dismiss Plaintiff's declaratory

In light of the foregoing Plaintiff submits that a multiplier of 2.0 be applied to the extensive pre-trial and trial work performed in this matter and moves that the Court award attorney fees of $1,026,900.00. As evidenced by the affidavit submitted by Plaintiff's Trial Counsel, this multiplier is consistent with the Johnson factors as discussed below. (See Exhibit 3: Affidavit of W. Mullins McLeod, Jr.). A multiplier of 2.0 is entirely reasonable in this case. In awarding an enhancement the Court must calculate the enhancement in a way that is reasonable, objective and capable of being reviewed on appeal. Perdue 559 U.S. at 544. In the instant case and attorney fee of 1/3 of the actual damages awarded by the jury equals $2,500,000.00. Therefore, an attorney fee award of less than half of that amount is appropriate.

Finally, the Court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009). Here, there are no unsuccessful claims unrelated to the successful § 1983 claims. Instead, the Plaintiff received the relief she specifically requested. The eleven member jury returned a verdict in favor of the Plaintiff on all five (5) separate and distinct violations of 42 U.S.C. § 1983 claimed against Defendants Town of Cottageville and Randall Price.

      ii.    *Analysis Under the "Johnson" Factors*

"[T]here is a strong presumption that the lodestar figure is reasonable. Perdue 559 U.S. at 548. To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), that is: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the

---

judgment action, an action seeking to determine the amount of available coverage provided to his client, Randall Price.

attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Id. at n. 5 (citing Barber v. Kimbrell's Inc., 577 F.2d 216, 226 (4th Cir. 1978)).  Plaintiff addresses each factor as it relates to the work and time dedicated to successfully prosecuting her Section 1983 claims:

### 1. Time and labor expended.

Plaintiff submits an affidavit with billing records showing the total time each lawyer and paralegal has expended to date. (See Exhibit 4: Record of Plaintiff's Counsel Time Expended; Exhibit 3: Affidavit of W. Mullins McLeod, Jr.).  Plaintiff asks the Court to find the amount of time spent on the case to be reasonable and necessary to the prosecution.

### 2. Novelty and difficulty of the questions raised.

This matter involved numerous sophisticated legal and evidentiary issues including: Daubert challenges on multiple expert witnesses, as well as defending and excluding from evidence multiple events detailed in voluminous documents produced in discovery.  Factually, this case presented significant hurdles, namely in that section 1983 municipality liability requires a plaintiff to prove that the violation of Bert Reeves' constitutional rights was done pursuant to a custom, policy, ordinance, regulation, or decision of defendant Town of Cottageville or as a result of defendant Town of Cottageville's deliberate indifference to the use of excessive force by defendant Randall Price.

### 3. Skill required to properly perform the legal services rendered.

The skill required to perform the legal services rendered in this case is best reflected by the significant factual and legal hurdles presented as well as the considerable success reached. The "skill" involved is not unique to those used in trying any case. It became clear that this matter would not be settled and would require trial in order for the Plaintiff to prevail. Trial Counsel had to meticulously review over forty depositions and transcribed interviews that were taken in this case and review and analyze the thousands of documents produced during discovery. Because Defendants Town of Cottageville and Randall Price vigorously denied any wrongdoing, it was incumbent on Plaintiff's Counsel to present clear persuasive circumstantial evidence that would allow the jury to conclude who was responsible for the discriminatory conduct. Plaintiff's Counsel had to engage in an exhaustive amount of preparation and had to be effective trial counsel in order to fully prosecute Plaintiff's claims and persuade the jury that Plaintiff was subjected to numerous complex civil rights violations. Plaintiff urges the Court that Counsel demonstrated significant skill in prosecuting this case on behalf of the Plaintiff.

**4. Attorney's opportunity costs in pressing the instant litigation.**

Counsel took this case on a contingent basis. Counsel for Plaintiff had to devote considerable time to trial preparation—to the exclusion of other cases—in order to present a compelling, persuasive case at trial. As of October 15, 2014, Attorney McLeod has devoted more than 448 hours to ensure the successful results obtained in this matter. Additionally, Attorney Moore has spent more 476 hours on this matter, Attorney Edgerton spent more than 65 hours on the matter, Attorney Rode spend more than 126 hours on this matter, and Attorney Roberts spent more than 54 hours on the matter. The paralegals of McLeod Law Group expended a combined total of 226.75 hours preparing this case for trial. That is a significant amount of opportunity cost over an

extended period of time.[3]

### 5. Customary fee for like work.

As detailed in the affidavits submitted by Mr. Rice and Mr. Young, $400.00 to $600.00 per hour is a customary fee in southeast region, including South Carolina for McLeod's work, $250.00 to $350.00 per hour is a customary fee for the work of Moore, Edgerton, Rode, and Roberts, and $160.00 per hour is a customary fee for a paralegal's work.

### 6. Attorneys' expectations at outset of litigation.

Counsel took this case with complete uncertainty as to the outcome and aware that few cases survive summary judgment and are successfully tried to verdict under 42 U.S.C. § 1983. However, Counsel recognized and believed in the important protections the Constitution affords citizens and was fully committed to litigating this case to verdict. Counsel was dedicated to the notion that if Plaintiff was successful at trial, a finding of a 42 U.S.C. § 1983 violation against the Defendants was well worth the uncertainty of outcome.

### 7. Time limitations imposed by the client or circumstances.

There were no significant time limits placed on the case by the client or the circumstances.

### 8. Amount in controversy and the results obtained.

Courts have consistently looked at the degree of the Plaintiff's overall success in determining the reasonableness of a fee award. Hensley v. Eckhart, 461 U.S. 424 (1983). Therefore, a significant fee award is entirely appropriate in cases where exceptional results are achieved by counsel for the prevailing party. It has been reported to counsel for the Plaintiff that the verdict in this case was the largest contested section 1983 verdict in U.S. history. In many

---

[3] Additionally, Plaintiff's counsel expects to spend additional time litigating post-trial motions and, in the event of an appeal, performing all appellate work. Thus, Plaintiff asks the Court to award conditional attorney fees and costs for all future legal work.

cases the losing party contests the amount of the prevailing party's request for attorney fees on the basis that the fee greatly exceeds the achieved result. The Supreme Court, however, has rejected the proposition that a section 1988 fee award must invariably be proportionate to the amount of damages a civil rights plaintiff actually recovers. See City of Riverside v. Rivera, 477 U.S. 561 (1986). In Rivera, the Court affirmed an attorney's fee award of $245,456 in a case where the Plaintiff was awarded $33,350.00 in damages. Further, in Mercer v. Duke University, 401 F.3d 199 (4th Cir. 2005), the trial court's award of attorney fees and costs of $380,000 was affirmed despite the fact the Plaintiff was only awarded $1 dollar in actual damages. Because the recovery in this case was exceptional, the Plaintiff's request under section 1988 is patently reasonable.

In addition to vindicating a private wrong, counsel for Plaintiff secured a verdict that will serve an important public purpose. The jury returned a verdict for $60,000,000 and $30,000,000 in punitive damages against the Town of Cottageville Randall Price respectively. In addition to its size, the verdict should have an impact on four important areas of modern policing: (1) the screening of law enforcement officers; (2) the training of law enforcement officers; (3) the supervision of law enforcement officers; and (4) police procedures regarding the use of deadly force. The significant public policy component of the verdict is best reflected in the wide spread media coverage which followed the verdict.[4] In addition, the verdict received front page, above the fold coverage, in one of South Carolina's largest daily newspapers *The Post and Courier*.

**9. Experience, reputation and ability of the attorney.**

Lead counsel for the Plaintiff, Mullins McLeod, has over fifteen years of trial experience

---

[4] http://www.nytimes.com/2014/10/17/us/south-carolina-97-million-awarded-in-killing.html?_r=2;http://www.charlotteobserver.com/2014/10/16/5245575/jury-awards-slain-mayors-family.html#.VD_3tvldUsZ; http://www.live5news.com/story/26801352/jury-awards-slain-mayors-family-97-million)

involving complex legal matters. He has a strong reputation as a litigator and relied on his experience and ability to present the evidence, make arguments before the court and to successfully cross-examine witnesses for the Defendants. His experience, reputation, and ability is evidenced by the fact that he has secured multiple seven figure verdicts on behalf of his clients. Mr. McLeod's two jury trials that preceded the instant case resulted in verdicts of $1,600,000 (Florence County Court of Common Pleas) and $3,500,000.00 (Berkeley County Court of Common Pleas).

**10.    Undesirability of the case within the legal community in which the suit arose.**

The fact that Randall Price had never been charged criminally as of the time of trial made it difficult for the Plaintiff to prevail in the civil case. As evidenced by Mr. Rice's affidavit, there is a common perception among many members of the public that police officers can do no wrong. The case also involved complex issues of law and a significant dedication of time and financial resources in order to prevail at trial. Counsel for Plaintiff recognizes that many lawyers would undertake representation of this case but most attorneys would associate counsel to litigate the case. In addition, counsel for Plaintiff submits that very few members of the legal community would pursue this case to verdict under the circumstances. The Defendants extended a settlement offer of $1,000,000 on the eve of trial but they conditioned the offer on the Plaintiff having to dismiss two other lawsuits: (1) Ashley Reeves as PR of the Estate of Albert Reeves v. John Craddock C/A No: 2:14-cv-01918-DCN and (2) the declaratory judgment action filed by the Plaintiff: Civil Action No.: 14-CP-15-0135.

Because the Defendants' insurer unreasonably refused to litigate the number of occurrences and to allow a court to determine the total available coverage in its policy, the Plaintiff did not accept the offer. In rejecting the offer, Plaintiff and counsel for Plaintiff undertook a significant risk. Under the Defendants' settlement offer each child would have received almost $300,000.00

Therefore, a settlement would have guaranteed that each of Mr. Reeves' children would be able to afford a quality education including college and/or graduate school. In addition, counsel for the Plaintiff would have received approximately $400,000.00 in attorney fees and recovered costs under the proposed settlement. Based upon these facts counsel believes very few members of the legal community would have turned down the guarantee in favor of the uncertain outcome of a jury verdict.

The Plaintiff and her counsel, however, were motivated in part by the need to shed light on the unlawful killing of Mr. Reeves in hopes of fulfilling the public policy objectives contemplated by the United States Congress when it enacted 42 U.S.C. § 1983.

## 11. Nature and length of the professional relationship between attorney and client.

This matter presented the first opportunity for Plaintiff and Counsel to work together. The undersigned do not foresee a continuing professional relationship with Plaintiff, given that it has turned on the unique circumstances Plaintiff faced in this case.

## 12. Attorneys' fees awards in similar cases.

Plaintiff's request for fees is reasonable when compared to similar cases. See, e.g., Dennis v. Columbia Colleton Med. Center, Inc., 290 F.3d 639, 644 (4th Cir. 2002) (District court properly granted $104,765.80 in attorney's fees and costs in Title VII action in which Plaintiff recovered $56,000 in jury verdict and court-ordered back pay); Alexander v. Tyler, 1999 U.S. App. LEXIS 9180 (4th Cir. 1999) aff'd, 181 F.3d 86 (4th Cir.1999) ($177,555.76 in fees proper in Title VII action in which primary relief granted was injunctive) (unpublished opinion); and Green v. Administrators of Tulane Educational Fund, 284 F.3d 642 (5th Cir. 2002) (award of $300,000 in fees where Plaintiff's recovery was $125,000). Additionally, on October 30, 2012, in the case of

Vicky T. Bennett v. CSX Transportation, Inc. C/A No. 5:10-CV-493-BO, the Honorable Terrence W. Boyle, District Judge for the Eastern District of North Carolina, approved attorneys' fees and costs in the amount $796,951.39 to Mr. McLeod and his law firm in a Title VII Civil Rights case that Mr. McLeod served as lead trial counsel.

Under Barber's 12-factor test, Plaintiff's fee request is reasonable. Plaintiff's Counsel will leave it to this Court to assess whether an enhancement would be appropriate in this case, as the majority opinion in Perdue acknowledged that an enhancement still can be supported in the appropriate circumstances. Perdue 559 U.S. at 552. Accordingly, the "lodestar" in this case amounts to the sum of $513,450.00, and Plaintiff asks the Court to apply a 2.0 multiplier to this calculation to reflect the extensive work necessary to successfully prosecute Plaintiff's claims, bringing the total fee award to $1,026,900.00. Plaintiff respectfully requests this amount as a reimbursement by Defendants by Order of this Court.

### c. No Special Circumstances Exist Rendering the Award of Attorneys' Fee Unjust.

A district court may deny a fee application only in the most limited of circumstances, none of which is present here. Johnson v. State of Mississippi, 606 F.2d 635, 636 (Former 5th Cir. 1979) ("the prevailing plaintiff should ordinarily recovery an attorney's fee unless special circumstances would render such an award unjust."). Special circumstances may exist where, for example, a prevailing party "declines to proffer any substantiation" of the fee amount, or where the application is "grossly and intolerably exaggerated" or "manifestly filed in bad faith." Jordan v. Department of Justice, 691 F.2d 514, 518 (D.C. Cir. 1982). Clearly, theses narrow exceptions do not apply here. *See also* Ellwest Stereo Theatre, Inc. v. Jackson, 653 F.2d 954, 956 (5th Cir. 1981) ("The good faith of governmental defendants acting in their official capacity is not a relevant factor for the district court to consider when determining whether special circumstances exist.").

Nor is Plaintiff's ability to pay their own counsel fees relevant to the analysis. Ellwest, 653 F.2d at 956 (5th Cir. 1981) ("prevailing plaintiffs' ability to pay is not a special circumstance rendering an award under § 1988 unjust."). *See also*, Democratic Party v. Reed, 388 F.3d 1281, 1285 (9th Cir. 2004) ("People and entities whose civil rights have been unconstitutionally abridged are generally entitled to attorneys' fees under § 1988 regardless of their ability to pay their attorneys."). Since no special circumstances exist in this case, Plaintiff respectfully submits that she is entitled to an award of reasonable attorney's fees.

### d. Plaintiff's Expenses Incurred in Pursing this Action Should be Reimbursed as Part of an Award of Attorney's Fees under § 1983.

Plaintiff also moves the Court for an award of costs and expenses in this matter. Plaintiff has requested costs for expenses incurred by McLeod Law Group that would ordinarily be charged to a fee-paying client. "A prevailing plaintiff in a civil rights action is entitled, under § 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." Spell v. McDaniel, 852 F.2d 762, 771 (4th Cir. 1988). Section 1988 permits recovery of expenses that are not compensable under Rule 54(d) because the statute "is intended to encourage [meritorious civil rights plaintiffs] to bring suit by shifting the costs of litigation to defendants who have been found to be wrongdoers." Daly v. Hill, 790 F.2d 1071, 1084 (4th Cir. 1986). As such, in additional to legal fees, Plaintiff also moves the Court for case costs and expenses of a total amount of $80,261.90. (See Exhibit 5: Report of McLeod Law Group's Case Costs). This figure includes costs that have been and would normally be billed to the client.

## II. PLAINTIFF IS ENTITLED TO AN AWARD OF POST JUDGMENT INTEREST.

"In contrast to the district court's discretion in the awarding of prejudgment interest, federal law mandates the awarding of post judgment interest." Quesinberry v. Life Ins. Co., 987 F.2d 1017, 1031 (4th Cir. 1993) (citing 28 U.S.C. § 1961). Plaintiff moves the Court to award post judgment interest on all amounts awarded in this action. Pursuant to section 1961(a) of Title 28 of the United States Code, Plaintiff is entitled to post judgment interest:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a).

Accordingly, Plaintiff requests an award of post-judgment interest at the statutory rate on the full amount awarded in this litigation.

## CONCLUSION

Viewed together, the Plaintiff's extraordinary success, the Defendants' unreasonable refusal to settle this matter, and the public import of the vindication of Plaintiff's civil rights – reflected in the wide media attention given to the verdict – dictate that an award of reasonable attorneys' fees and costs is required of this Court. Accordingly, Plaintiff respectfully urges this Court to award attorney fees in the amount of $513,450.00 representing the legal work performed by Plaintiff's Counsel and apply a 2.0 multiplier, increasing the total fee award of $1,026,900.00. Additionally, Plaintiff respectfully urges this Court to award case costs in the amount of $80,261.90. Finally, Plaintiff requests an award of post-judgment interest at the statutory rate, and for such other and

further relief as this honorable Court deems just and proper.

    Respectfully submitted, this the 4th day of November, 2014.

McLEOD LAW GROUP, LLC  
Post Office Box 21624  
Charleston, South Carolina 29413  
(843) 277-6655  

/s/ W. Mullins McLeod, Jr.  
W. Mullins McLeod, Jr.  
Fed ID No.: 7142  

James B. Moore III  
Fed ID No.: 10844  

November 4, 2014  
Charleston, South Carolina

**CERTIFICATE OF SERVICE**

  I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all CM/ECF participating attorneys, and I hereby certify that I have mailed the document to non CM/ECF participants.

  This the 4th day of November, 2014

              McLEOD LAW GROUP, LLC
              Post Office Box 21624
              Charleston, South Carolina 29413
              (843) 277-6655

              /s/ W. Mullins McLeod, Jr.
              W. Mullins McLeod, Jr.
              Fed ID No.: 7142

              James B. Moore III
              Fed ID No.: 10844

November 4, 2014
Charleston, South Carolina


SERVED:

Vinton D. Lide, Esquire
Michael S. Pauley, Esquire
Lide & Pauley, LLC
5179 Sunset Blvd.
PO Box 2189
Lexington, SC 29072

Lake E. Summers, Esquire
Katherine A. Phillips, Esquire
Malone, Thompson, Summers & Ott, LLC
339 Heyward St., Suite 200
Columbia, SC 29201

Andrew F. Lindemann
Davidson & Lindemann, P.A.
1611 Devonshire Drive, Second Floor
Columbia, SC 29202