**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | |
|---|---|
| Ashley Reeves, as Personal Representative ) <br> of the Estate of Carl Albert Reeves, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Town of Cottageville and Randall ) <br> Price, individually, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:12-02765-DCN <br><br><br> **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

The Plaintiff Ashley Reeves, as Personal Representative of the Estate of Carl Albert Reeves, has filed a motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988. The Plaintiff is seeking attorney's fees of $513,450.00 and costs of $80,261.90. The Plaintiff further seeks a 100 percent enhancement. The Defendants oppose the Plaintiff's claim of attorney's fees and costs in that amount (including the claimed enhancement) and respectfully request that the Court award a substantially reduced amount as discussed herein. Moreover, as a threshold issue, the Defendants submit that a determination of attorney's fees under § 1988 is premature and request that the Court stay consideration of this motion until after post-trial motions and any appeals are exhausted and the case has reached final judgment.

I.    **Stay of Attorney's Fees Motion**

First, the Defendants submit that the petition for attorney's fees and costs is premature. The threshold question in assessing an award of attorney's fees and costs under 42 U.S.C. § 1988 is to determine whether the plaintiff qualifies as a "prevailing party." Admittedly, based upon the judgment entered on October 21, 2014, the Plaintiff qualifies as a "prevailing party." However, post-trial motions are pending before the Court, and depending on the ultimate adjudication of those motions, an appeal to the Fourth Circuit Court of Appeals is likely given the issues raised in those post-trial motions and the sheer magnitude of the jury's verdict. Obviously, if the Defendants obtain a new trial absolute either by way of the pending post-trial motions or on appeal, the Plaintiff will not qualify as a "prevailing party." Thus, in that sense, the adjudication of the Plaintiff as a "prevailing party" entitled to recover under § 1988 is premature. Furthermore, judicial resources can be preserved by holding in abeyance a motion that is better suited to be heard and decided, if necessary, after final judgment is attained. Accordingly, the Court is respectfully requested to await final judgment, that is, until after all appeals have been exhausted, to address the Plaintiff's entitlement to attorney's fees and costs under § 1988.

This same issue arose in the case of *1st Westco Corp. v. School District of Philadelphia*, 1993 WL 117539 (E.D. Pa. 1993). In that case, the district court held a petition for attorney's fees and costs in abeyance pending the disposition of the defendant's appeal to the Third Circuit. The district court concluded that it "would be well-advised to await the appellate outcome, since that outcome will determine whether the plaintiffs really are 'prevailing parties.'"

The district court in *Karuk Tribe of California v. United States Forest Service*, 2006 WL 228943 (N.D. Cal. 2006), reached the same conclusion. The court recognized its "discretionary

power" with respect to the "timing of consideration for petitions for attorney's fees while the matter is under appeal." 2006 WL 228943, *2. The court further addressed the benefits to the court and the litigants:

> A stay of Plaintiff's fee petition is appropriate because it would promote judicial economy and avoid the risk of overcompensation in the event that Plaintiff is successful on appeal. First, a stay is in the interest of judicial economy. As the Ninth Circuit has stated in another context, waiting until after all appeals have been exhausted to adjudicate a fee application "avoids the possibility that multiple fee applications will be necessary, a weighty consideration given that EAJA fees are intended specifically for individuals with limited resources." Given that it would save both the resources of the Court and the parties to consider a fee application by Plaintiff once at the conclusion of all appeals, rather than twice, a stay would promote the interest of judicial economy.

2006 WL 228943, *2. (Citation omitted). *See also*, *Glaxo Group Ltd. v. Apotex, Inc.*, 272 F.Supp.2d 772, 779 (N.D. Ill. 2003) ("court in the exercise of its discretion grants defendant's motion to postpone and stays further proceedings on plaintiff's fee petition until conclusion of the appeal").

The case at bar presents the same scenario as in these cases, and the Court is requested to hold the Plaintiff's motion for attorney's fees and costs in abeyance until such time as all post-trial motions and appeals are exhausted and this case reaches final judgment. Only at that point, it will be known whether the Plaintiff qualifies as a "prevailing party."

## II.  Reasonableness of Hourly Rates

In the event that the Court proceeds with addressing the Plaintiff's motion for attorney's fees and costs on its merits, the Defendants object to the hourly rates claimed by the Plaintiff and her counsel.

A reasonable award of attorney's fees is achieved by use of the "lodestar" analysis, where a reasonable hourly rate is multiplied by the number of hours reasonably expended. *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The Defendants recognize that the Plaintiff's counsel achieved success on the claims that went to the jury, and accordingly, are not challenging the reasonableness of the hours claimed. However, the Defendants submit that the hourly rates that are sought are not reasonable for the prevailing market and the Court is requested to award the attorney's fees at a substantially lower hourly rate.

The party seeking an award of attorney's has the burden to establish the prevailing market rates for billable hours. *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 245 (4th Cir. 2009). The hourly rate should be the "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). "This determination is fact-intensive and is best guided by what attorneys earn from paying clients for similar services in similar circumstances." *Id.* "While evidence of fees paid to attorneys of comparable skill in similar circumstances is relevant, so too is the rate actually charged by the petitioning attorneys when it is shown that they have collected those rates in the past from the client." *Id. See also, Dillard v. City of Greensboro,* 213 F.3d 1347, 1354-1355 (11th Cir. 2000) ("[w]hat [plaintiff's attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as determined by supply and demand").

4

As the Fourth Circuit has explained, "[t]he relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek*, 31 F.3d at 175.  Thus, the relevant market is the District of South Carolina.  *See, Grissom v. The Mills Corp.,* 549 F.3d 313, 321-322 (4th Cir. 2008) (defining the relevant market as the federal judicial district in which the case was litigated).  In addition, it is well settled that the court in attorneys' fee cases may rely on its own knowledge of the market in determining the reasonableness of requested rates.  *See, Jessco, Inc. v. Builders Mut. Ins. Co.,* 2012 WL 1825340, *1 (D.S.C. 2012).

In her motion, the Plaintiff seeks attorney's fees at the following rates:  $500 per hour for Mullins McLeod, $360 per hour for all associate lawyers, and $160 per hour for paralegals.  The Fourth Circuit has explained that "[w]hen applying for a fee, an attorney has the burden to make out the reasonableness of his hourly rate with *specific evidence*." *Newport News Shipbuilding and Dry Dock Co. v. Holiday*, 591 F.3d 219, 230 (4th Cir. 2009).  Here, the Plaintiff supports the fee petition with an affidavit from Mullins McLeod, but that affidavit does not offer any evidence to support the hourly rates being sought.  He fails to provide any evidence of the hourly rates that he has charged or received in past cases, either from courts pursuant to § 1988 or some other statute or directly from paying clients.  Thus, Mr. McLeod's affidavit provides no evidentiary basis for the Court to award the hourly rates being sought.

The Plaintiff has also presented the affidavits of two prominent lawyers from the Charleston market.  Joseph F. Rice has a nationwide practice, and the information he provides is of little benefit in assessing the market rate in the District of South Carolina.  Instead, Mr. Rice attests that hourly rates in the southeastern United States range from $300 per hour to $975 per hour.  *See*, Rice Aff., ¶ 7.  Specifically, with regard to rates he believes are applicable to Mr.

McLeod and his associate lawyers and paralegals, Mr. Rice again offers his opinion of a reasonable hourly rate in the "Southeast region," which is simply not the relevant market. *See*, Rice Aff., ¶ 10-11. The other affidavit was submitted by J. Rutledge Young, Jr. Mr. Young does provide his opinions on the prevailing rate in the Charleston market; yet, he offers no specific evidence to support those opinions – no anecdotal evidence and not even an explanation of the rates that clients have paid him or other members of his firm in comparable cases or for comparable work. The affidavit is purely conclusory in nature.

As noted above, courts may rely on their own knowledge of the market in determining a reasonable hourly rate. Furthermore, courts may rely on prior awards made in comparable cases within the relevant market. The Defendants respectfully suggest, given the paucity of specific evidence presented by the Plaintiff, that the Court should place great weight on its prior awards and those of his brethren.

In *Muhler Co., Inc. v. Window World of North Charleston, LLC*, 2014 WL 4269078 (D.S.C. 2014), Judge David C. Norton awarded $220 per hour for partners, $185 per hour for associate counsel, and $40 per hour for paralegals. This was a Lanham Act case of equal, if not greater, complexity and specialization as a § 1983 police misconduct case, and a case of substantial stakes (the court awarded in excess of $3 million in damages and disgorgement of profits). Judge Norton based his award on an affidavit of Wade H. Logan, III, a prominent member of the Charleston Bar, as well as "the court's own knowledge of hourly rates in this district." 2014 WL 4269078, *10.

In *Grayson Consulting, Inc. v. Cathcart*, 2013 WL 436217 (D.S.C. 2013), Judge Norton awarded $300 per hour for seasoned attorneys and $125 per hour for paralegals. These rates were awarded for a sanctions motion; however, there is no difference in the prevailing rate where

6

an award is made as sanctions or to a prevailing party. The subject matter of the litigation was described by the court as "exceedingly complex" with "millions of dollars" at issue. 2013 WL 436217, *3-4.

In *Froggy's Carwash LLC v. Jim Coleman Co.*, 2012 WL 1936999 (D.S.C. 2012), Judge Norton awarded attorney's fees at the following rates: $250 per hour for the lead partner, $150 per hour for an associate, and $100 per hour for a paralegal. These were hourly rates for a Charleston law firm.

As for other cases within the Charleston Division, the following is submitted: In *Security Ins. Co. v. Campbell Schneider & Asso., Inc.*, 481 F.Supp.2d 496 (D.S.C. 2007), Judge Patrick Michael Duffy awarded $225 per hour for one attorney and $150 per hour for another. In *Jessco, Inc. v. Builders Mut. Ins. Co.*, 2012 WL 1855340 (D.S.C. 2012), Judge Duffy awarded an hourly rate of $200.

As for comparable § 1983 cases, in *Gregg v. Ham*, 2010 WL 5060583 (D.S.C. 2010), Judge Cameron Currie awarded the lead attorney $300 per hour and the other attorneys $200 per hour and $175 per hour. In *Glidewell v. City of Greenville*, 2012 WL 951777 (D.S.C. 2012), Judge Michelle Childs awarded rates of $275 and $225 per hour for two attorneys and $90 per hour for paralegals. In *Child Evangelism Fellowship v. Anderson School District*, 2007 WL 1302692 (D.S.C. 2007), Judge Henry M. Herlong, Jr. awarded various attorneys at rates ranging from $225 per hour to $275 per hour, with the paralegal rate at $85 per hour.

These cases, it is submitted, reflect the prevailing market rate in the District of South Carolina much more accurately than the conclusory affidavits submitted by the Plaintiff. None of these cases reflect hourly rates approaching what the Plaintiff is claiming in this case.

The Defendants submit the Affidavit of Elloree Ganes, (Exhibit A) a practicing attorney

7

in Charleston, South Carolina who litigates 42 USC Section 1983 cases. She is a partner in the Hood Law Firm, LLC. She relies upon her experience in handling Section 1983 litigation and her knowledge of the legal standards and prior court awards. She gave the opinion that an appropriate reasonable legal rate for civil rights litigation in South Carolina ranges from $150 - $250 per hour.

Based upon the cases cited above[1] and the Affidavit of Elloree Ganes, the Defendants submit that an appropriate and reasonable range would be $250 to $300 per hour for a lead attorney; $150 to $200 per hour for an associate attorney; and $75 to $100 per hour for paralegals.

### III.     Plaintiff's Request for Enhancement

In her motion for attorney's fees, the Plaintiff has also requested that the Court grant an "enhancement" or an upward adjustment of the fees from the lodestar amount. The Plaintiff seeks a 100 percent enhancement. The Defendants respectfully submit that no enhancement is merited.

The controlling authority on "enhancements" is the 2010 case of *Perdue v. Kenny A.*, 559 U.S. 542 (2010), in which the United States Supreme Court reversed the district court's 75 percent enhancement of the lodestar amount. The Supreme Court explained that "enhancements may be awarded in rare and exceptional circumstances." 559 U.S. at 552. The Court required that "a fee applicant seeking an enhancement must produce 'specific evidence' that supports the award." 559 U.S. at 553. The Court, in fact, reiterated that "[a]n enhancement must be based on

---

[1] The unpublished cases cited are collected and indexed at Exhibit B for convenience.

evidence that enhancement was necessary to provide fair and reasonable compensation." *Id*. The Court further stressed that "an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." *Id*. Importantly, "the novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors presumably are fully reflected in the number of billable hours recorded by counsel." *Id.* Furthermore, the Court cautioned that "the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Id*.

In the case at bar, the Plaintiff has simply not supported his request for a 100 percent enhancement of the lodestar amount. In *Perdue*, the Supreme Court stressed that the enhancement request must be supported by "specific evidence" that shows that the enhancement is necessary "to provide fair and reasonable compensation." However, the Plaintiff does not provide any such "specific evidence."

An analysis of this case does not show that it is rare or extraordinary in the sense that the case is not unique legally nor did it involve any novel or unique legal theories or issues. The case is rare and extraordinary only based upon the enormity of the verdict including a $90 million punitive damages award. That punitive damages award is indeed inclusive of $60 million against the Town of Cottageville where such damages are not even recoverable against a municipality in a § 1983 case. However, the results obtained are not a valid basis for an enhancement – and certainly not a 100 percent enhancement as claimed here.

The *Perdue* case is controlling. In that case, which was brought as a class action pursuant to § 1983, the parties entered a consent decree. There was no monetary award. The plaintiffs nonetheless sought $14 million in attorney's fees, half of which was the lodestar amount and the

9

other half was an enhancement (hence, the plaintiffs sought a 100 percent enhancement). The district court ultimately awarded fees of approximately $10.5 million, including $6 million for the lodestar amount and a 75 percent enhancement of $4.5 million. The Eleventh Circuit affirmed, but the Supreme Court reversed the enhancement and remanded. The Court noted that the 75 percent enhancement "appears to have been essentially arbitrary." *Perdue*, 559 U.S. at 557. The Supreme Court specifically rejected the notion that an enhancement could be based on superior results or superior performance by counsel. The Court explained:

> In this case, we are asked to decide whether either the quality of an attorney's performance or the results obtained are factors that may properly provide a basis for an enhancement. We treat these two factors as one. When a plaintiff's attorney achieves results that are more favorable than would have been predicted based on the governing law and the available evidence, the outcome may be attributable to superior performance and commitment of resources by plaintiff's counsel. Or the outcome may result from inferior performance by defense counsel, unanticipated defense concessions, unexpectedly favorable rulings by the court, an unexpectedly sympathetic jury, or simple luck. Since none of these latter causes can justify an enhanced award, superior results are relevant only to the extent it can be shown that they are the result of superior attorney performance. Thus, we need only consider whether superior attorney performance can justify an enhancement. And in light of the principles derived from our prior cases, we inquire whether there are circumstances in which superior attorney performance is not adequately taken into account in the lodestar calculation. We conclude that there are a few such circumstances but that these circumstances are indeed "rare" and "exceptional," and require specific evidence that the lodestar fee would not have been "adequate to attract competent counsel."

559 U.S. at 554. The Supreme Court then outlined certain scenarios that may justify an enhancement. Those are: (1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value"; (2) where "the attorney's performance includes an extraordinary outlay of expenses and the litigation

10

is exceptionally protracted"; or (3) where "an attorney's performance involves exceptional delay in the payment of fees."  559 U.S. at 554-555.

None of those scenarios exist in the present case.  The Plaintiff cites in her motion to the second of those scenarios.  However, the evidence does not support that assertion.  While the Plaintiff's counsel incurred approximately $80,000 in litigation expenses, more than fifty percent of that was incurred in 2014, with much of that amount incurred in the six months immediately preceding trial.  (Dkt. #170-6).  The Plaintiff also alleges that the case was unnecessarily delayed.  However, the case was tried 25 months after filing, which does not suggest any extraordinary or protracted delays.

Thus, the Plaintiff has simply not shown that this case is one of the "rare" or "exceptional" cases where an enhancement is justified under the analysis required by *Perdue*.  It is no more deserving of an enhancement than *Perdue* in which the Supreme Court reversed the 75 percent enhancement that was awarded by the district court.  Therefore, the Plaintiff's request for a 100 percent enhancement should be rejected.

## CONCLUSION

Based on the foregoing discussion, the Defendants respectfully request that the Court hold the Plaintiff's motion for attorney's fees and costs in abeyance until such time as all post-trial motions and appeals are exhausted and this case reaches final judgment.  In the alternative, the Court is respectfully requested to deny the Plaintiff's full claim of attorney's fees and costs as well as any claimed enhancement.  The Court is requested to award a substantially reduced amount in light of arguments and objections raised herein by the Defendants.

Respectfully submitted,

DAVIDSON & LINDEMANN, P.A.

BY: __s/ Andrew F. Lindemann__
    ANDREW F. LINDEMANN   #5070
    1611 Devonshire Drive, Second Floor
    Post Office Box 8568
    Columbia, South Carolina 29202
    TEL:  803-806-8222
    FAX:  803-806-8855
    E-Mail:  alindemann@dml-law.com

*Counsel for Defendant Town of Cottageville*
        *and*

MORRISON LAW FIRM, LLC

BY: __s/ David L. Morrison__
    DAVID L. MORRISON (Fed. #3581)
    7453 Irmo Drive, Suite B
    Columbia, South Carolina 29212
    TEL: (803) 661-6285
    FAX: (803) 661-6289
    E-mail: david@dmorrison-law.com

*Counsel for Defendant Randall Price*

Columbia, South Carolina

December 4, 2014